UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH SCHIMWEG, ROYCE BOND, ) <br> TOMIKA STARKS & ROBIN OSWALD, ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ALAN TEITELBAUM, REBECCA ) <br> TEITELBAUM, ALAN TEITELBAUM, LLC ) <br> & GREG LUBER, ) <br>     Defendants. ) | Case No. 4:05CV416MLM |

# ORDER

This matter is before the court on several Motions filed by defendant(s). Plaintiffs made an untimely request for enlargement of time which was denied. All the served parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

1. **Motion to Dismiss for Insufficiency of Service of Process and to Quash Purported Service of Process of Defendant "Alan Teitelbaum" [Doc. 8, 14]**

On 5/5/05 defendant Rebecca T. Teitelbaum filed a Suggestion of Death of Alan Teitelbaum on March 16, 2005 pursuant to Rule 25 (a)(1) of the Federal Rules of Civil Procedure. By Affidavit defendant Rebecca Teitelbaum states that on or about 4/20/2005 a Process Server attempted to serve Alan Teitelbaum through Rebecca Teitelbaum at her home located at 505 So. Crescent, Kirkwood, Missouri 63122. Rebecca Teitelbaum advised the Process Server that Alan Teitelbaum had died and she would not accept service of process on his behalf. The Process Server told Rebecca Teitelbaum that the attorney instructed her to leave the summons and, in fact, apparently placed the summons on a bench outside of Rebecca Teitelbaum's home.

Fed.R.Civ.P. 4(e)(1) governs service upon an individual and provides in pertinent part that an individual may be served "pursuant to the law of the state in which the district court is located..." A dead person is by definition not a viable entity and courts have jurisdiction to render judgments for or against viable entities only. Holmes v. Arbeitman, 857 S.W.2d 442, 443 (Mo. App. 1998) Rule 52.13(a)(1) of the Missouri Supreme Court Rules provides:

> If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitution may be made by any party or by the successor or representative of the deceased party. Such motion, together with notice of hearing shall be served upon the parties as provided in Rule 43.01, and upon persons not parties in the manner provided for the service of a summons. Unless a motion for substitution is served within ninety days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

Rule 52.13(a)(2) of the Missouri Supreme Court Rule provides:

> In the event of the death of one or more of the plaintiffs or one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants the death shall be suggested on the record and the action shall proceed in favor of or against the surviving parties.[1]

There has been no motion for substitution in this case nor has there been any indication of whether or not the federal and/or state claims asserted survive the death of Alan Teitelbaum. Therefore, it appears that service of process on "Alan Teitelbaum" was improper and such service will be quashed and the case against Alan Teitelbaum will be dismissed without prejudice.

2. **Motion to Dismiss for Insufficiency of Service of Process and to Quash Purported Service of Process of Defendant Alan D. Teitelbaum, LLC Improperly Pleaded as Alan Teitelbaum, LLC [Doc. 10]**

As more fully set out above, the method of the process server who attempted to serve Alan Teitelbaum was the same for the attempt to serve Alan D. Teitelbaum, LLC.

Fed.R.Civ.P. 4(h)(1) governs service of process on a domestic corporation, partnership or other unincorporated association and says in pertinent part that service may be pursuant to the law of the state in which the district court is located or by service on an "officer, a managing or general

---

[1] The Federal Rules of Civil Procedure are similar to the Missouri Supreme Court Rules. Rule 25 provides "if a party dies and the claim is not thereby extinguished the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party. . ." The Rule continues that if the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants the action does not abate but proceeds in favor of or against the surviving parties. In the present case the suggestion of death was made by one of the parties, Rebecca Teitelbaum, which satisfies both the Missouri and Federal Rules as to the suggestion of death.

agent, or to any other agent authorized by appointment or by law to receive service of process...". The procedure for service of process on a Missouri limited liability company is set forth at §347.033 R.S.Mo. (2000). The registered agent so appointed by a limited liability company shall be an agent of such limited liability company upon whom any process may be served. §347.033.1. In lieu of service upon the registered agent, service may be made upon an authorized person or in the event neither the registered agent nor an authorized person can be located in the exercise of due diligence, process may be served upon an organizer. §347.033.2. Alternatively, in the event none of the above can be located in the exercise of due diligence, then the Secretary of State shall automatically be appointed as an agent of a limited liability company upon whom any process may be served. §347.033.3. Rebecca Teitelbaum has stated in an Affidavit that she is not the registered agent or organizer of Alan D. Teitelbaum, LLC. She further states that she is not a member or employee of Alan D. Teitelbaum, LLC nor is she an authorized agent to receive service of process on behalf of Alan D. Teitelbaum, LLC. Based on the information contained in Rebecca Teitelbaum's Affidavit it appears that the service of process on Alan D. Teitelbaum, LLC was improper and such service will be quashed and the case against Alan D. Teitelbaum, LLC. will be dismissed without prejudice.

3. Rebecca Teitelbaum's Motion to Dismiss [Doc. 11]

In their Amended Complaint plaintiffs allege five state law counts and three counts based on federal law.

A. In Count VI, plaintiff claims that "defendants' actions deprived plaintiffs of their rights, privilege and immunities secured and protected by the United States Constitution." Earlier, in the "jurisdiction" section of the Amended Complaint plaintiffs allege jurisdiction under 42 U.S.C. §§ 1983 and 1982. To whatever extent plaintiffs are attempting to state a claim under § 1983, there are no allegations of actions taken under color of state law which is required by 42 U.S.C. § 1983. See Amer. Manu. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (holding that to state a claim under 42. U.S.C. § 1983, plaintiffs must establish they were deprived of a right secured by the Congress of Laws of the United States and that the alleged deprivation was committed under color

of state law).  The "under-color-of-state-law" requirement excludes "merely private conduct, no matter how discriminatory or wrongful."  Id.  at 50.  As succinctly set forth in defendant's Memorandum, in the present case there are no factual allegations whatsoever indicating any violation of a right under the Constitution or Laws of the United States.  At best, plaintiffs allege violations of certain common law duties arising between counsel and client.  However, there is no Constitutional right to the effective representation of counsel in a civil matter.  Peters v. Mutual of Omaha, 2001 WL 579072 (8th Cir. (Neb.))  Further, the conduct of counsel in representing a client does not constitute action under color of state law for purposes of §1983.  Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974).

Plaintiffs also allege jurisdiction under 42 U.S.C. § 1982 which provides that "all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property."

In order to state a *prima facie* case in a §1982 action, it is required that plaintiffs show  (1) membership in a protected class, (2) the intent to discriminate on the basis of race on the part of the defendant and (3) discrimination interfering with the rights or benefits connected with the ownership of property  protected activity.    Daniels v. Dollars, Inc., 373 F.3d 885, 887 (8th Cir. 2005).  There are no allegations in the amended complaint dealing with the race of the parties or racial discrimination in connection with real or personal property.   Therefore, Count VI will be dismissed without prejudice.

Plaintiffs will be granted leave to file a Second Amended Complaint and defendants will be granted leave to re-file a Motion to Dismiss if plaintiffs' Second Amended Complaint does not properly allege a cause of action under these statutes.

B. In Counts VII and VIII plaintiffs allege violations of the RICO Statute.  Again, defendant states the proper law applying to this statute:

> The allegations of violations of RICO set forth in plaintiffs' Amended Complaint are nearly as nebulous as the claim under §1983.  RICO claims must be pled with specificity.  Brooks v. Blue Cross Blue Shield, 116 F.3d 1364, 1381 (11th Cir. 1997);

Moore v. Kayport Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989). Allegations as to each defendant must be properly pled and the role of each defendant specified. Moore, 885 F.2d at 541. The courts are not permitted the use of RICO lightly, as noted by the court in Saine v. A.I.A, Inc., 582 F.Supp. 1299, 1306, n. 5 (D. Colorado 1984)

> As it is a complicated statute that covers conduct ranging from sports bribery to white slave traffic, a defendant needs a substantial amount of information to prepare a response [to a RICO allegation]. A RICO defendant also needs to be protected from unscrupulous claims lured by the prospect of treble damages, and it should be the policy of the law, within the procedural constraints of our system, to provide this protection. A charge of racketeering with its implication of links to organized crime [and attendant consequences to a person's reputation and good will], should not be easier to make than accusations of fraud. RICO should not be construed to give a pleader license to bully and intimidate nor to file salvos from a loose canon...

Defendant Rebecca Teitelbaum's Memorandum in Support of Motion to Dismiss at 3-4, quoting Saine, 582 F.Supp. at 1306, n.5. See Bennett v. Berg, 710 F.2d 1361, 1363 (8th Cir. 1983); See also Rule 9(b) of the Federal Rules of Civil Procedure which has repeatedly been held to apply to RICO claims. Defendant correctly notes that plaintiffs have failed to state to which section(s) of the RICO statute they refer. In her Memorandum, Rebecca Teitelbaum sets out each section and states why the section does not apply to defendants. Plaintiffs pleadings are clearly insufficient. The court will grant the Motion to Dismiss as to Counts VII and VIII; however, in the interest of justice, the court will give plaintiffs an opportunity to file a Second Amended Complaint which complies fully with Rule 8 and Rule 9(b), specifies which section of the statute is involved and the role of each defendant(s) in that specific violation. Thus, as to Counts VII and VIII the Motion will be granted and leave is granted to re-file the Motion if plaintiffs' Second Amended Complaint does not fully comply with the Federal Rules of Civil Procedure.

C.  The court agrees with defendants' Memorandum that Plaintiffs' references to 15 U.S.C. §1367 are typographical errors and that the correct citation is 28 U.S.C. § 1367. This statute deals with supplemental jurisdiction. It is to be noted that supplemental jurisdiction is dependent on the statement of a federal claim. If plaintiffs' federal claims fail, the court may decline to exercise supplemental jurisdiction over the remaining five state law counts.

**4.    Rebecca Teitelbaum's Motion for More Definite Statement [Doc. 13]**

Plaintiffs' Amended Complaint states that each of the plaintiffs' retained Alan Teitelbaum, Greg Luber and Alan D. Teitelbaum, LLC as their attorneys in bankruptcy proceedings. A retainer was taken for each case. The cases were allegedly dismissed due to the negligence of Alan Teitelbaum, Greg Luber and Alan D. Teitelbaum, LLC. After the dismissals, Alan Teitelbaum, Greg Luber and Alan D. Teitelbaum, LLC refused to return any fees or allow for an accounting. See plaintiffs' Amended Complaint.

There are no factual allegations against defendant Rebecca Teitelbaum set forth in any of the counts in plaintiffs' Amended Complaint. At best, there are some vague, amorphous and conclusory allegations regarding acts of "defendants." Plaintiffs have made serious allegations of violations of criminal and state law in their Amended Complaint. They should, at a minimum, have the allegations of the Amended Complaint made specific enough for defendant Rebecca Teitelbaum to know generally what are the allegations against her.

Federal Rule of Civil Procedure 12(e) provides in pertinent part that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In the present case defendant Rebecca Teitelbaum has not been notified of allegations against her and in such a case a motion for a more definite statement should be granted. Competent pleading is a prerequisite to discovery. Because plaintiffs have presented no factual basis whatsoever for any claim against Rebecca Teitelbaum, the court will order plaintiffs to make their allegations more definite as to Rebecca Teitelbaum.

Accordingly,

**IT IS HEREBY ORDERED** that Alan Teitelbaum's Motion and Amended Motion to Dismiss for Insufficiency of Service of Process and to Quash Purported Service of Process of Defendant "Alan Teitelbaum" is **GRANTED**. Service of Process on "Alan Teitelbaum is **QUASHED** and "Alan Teitelbaum" is **DISMISSED** without prejudice.   [Doc. 8, 14]

**IT IS FURTHER ORDERED** that the Motion of Alan D. Teitelbaum, LLC to Dismiss for Insufficiency of Service of Process and to Quash Purported Service of Process of Defendant Alan D. Teitelbaum, LLC Improperly Pleaded as Alan Teitelbaum, LLC is **GRANTED**. Service of Process on Alan Teitelbaum, LLC is **QUASHED** and Alan D. Teitelbaum, LLC is **DISMISSED** without prejudice. [Doc. 10]

**IT IS FURTHER ORDERED** that Rebecca Teitelbaum's Motion to Dismiss is **GRANTED**. Count VI is **DISMISSED** without prejudice. Counts VII and VIII are **DISMISSED** without prejudice. [Doc. 11]

**IT IS FURTHER ORDERED** that Rebecca Teitelbaum's Motion for More Definite Statement is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED** that plaintiffs shall have until no later than **June 21, 2005** to file a Second Amended Complaint and thereafter shall properly serve defendants pursuant to Federal Rules of Civil Procedure.

/s/Mary Ann L. Medler
**MARY ANN L. MEDLER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this  **8th**  day of June, 2005.