**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KENNETH SCHIMWEG, ROYCE BOND, TOMIKA STARKS & ROBIN OSWALD, <br>     Plaintiffs, <br><br> vs. <br><br> ALAN TEITELBAUM, REBECCA TEITELBAUM, ALAN TEITELBAUM, LLC & GREG LUBER, <br>     Defendants. | Case No. 4:05CV416MLM |

## MEMORANDUM OPINION

This matter is before the court pursuant to Defendant Rebecca Teitelbaum's Motion to Dismiss Plaintiffs' Second Amended Complaint. Doc. 21. Plaintiffs filed a Response. Doc. 24. Defendant Rebecca Teitelbaum filed a Reply. Doc. 25. Plaintiffs and all parties served to date have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its]claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

**DISCUSSION**

In their Second Amended Complaint Plaintiffs allege five State law counts, Counts I-V, and three counts based on federal law, Counts VI-VIII. Additionally, Plaintiffs allege that this court has jurisdiction pursuant to 42 U.S.C. § 1982 and 28 U.S.C. § 1367.[1] Defendant Rebecca Teitelbaum asserts that the Second Amended Complaint should be dismissed for failure to state a cause of action.

**A.     42 U.S.C. § 1983 Claim:**

In Count VI of the Second Amended Complaint Plaintiffs alleges a violation of 42 U.S.C. § 1983 on the part of the named Defendants. Pursuant to a Motion to Dismiss filed by Rebecca Teitelbaum the court previously dismissed Count VI of Plaintiffs' Amended Complaint which count alleged that Plaintiffs' constitutional rights were violated pursuant to § 1983.[2] Doc. 19. Upon dismissing this allegation the court found that Plaintiffs failed to allege actions taken under color of state law.[3] Doc. 19 at 3.

---

[1]   As further discussed below, the court assumes that Plaintiffs' actual reference to 15 U.S.C. § 1367 rather than 28 U.S.C. § 1367 is a typographical error.

[2]   The court's dismissal of Count VI of Plaintiffs' Amended Complaint alleging a violation of § 1983 was *with* prejudice. The court will nonetheless reconsider the allegation of a violation of § 1983 in Plaintiffs' Second Amended Complaint.

[3]   The two essential elements of a cause of action pursuant to § 1983 are: "'(1) whether the conduct of which the plaintiff complains "was committed by *a person acting under color of state law*; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" DuBose v. Kelly, 187 F.3d

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In Count VI of the Second Amended Complaint Plaintiffs again allege that Defendants violated Plaintiffs' constitutional rights pursuant to § 1983. In support of this claim Plaintiffs allege that Defendants Alan Teitelbaum and Greg Luber were members of the Missouri Bar Association; that Teitelbaum, LLC, was engaged in the business of the United States Bankruptcy Court; that Plaintiffs paid a cash retainer to Alan Teitelbaun, Greg Luber, and Alan Teitelbaum, LLC, for representation in a bankruptcy matter; that Rebecca Teitelbaum was "an active participant in the conception, design, and scheme of defrauding clients of Alan Teitelbaum, Greg Luber, and Alan Teitelbaum, LLC; that Rebecca Teitelbaum "handled the finances and property obtained through fraud and enjoyed the profits of the scheme to defraud" Plaintiffs; that Defendants deprived Plaintiffs of constitutional rights; and that Defendants' actions were performed under color of state law, including the "Missouri bankruptcy laws" and the "authority and powers granted by the law of Missouri upon members of the Missouri Bar Association engaged as officers of the United States Bankruptcy Court." Doc. 20.[4]

As stated previously by this court "the 'under-color-of-state-law'" requirement excludes "merely private conduct, no matter how discriminatory or wrongful.'" Doc. 19 at 4 (citing American Mfg. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). Moreover, it is well established that an attorney performing as private counsel is not a state actor. Polk County v. Dodson, 454 U.S. 312,

---

999, 1002 (8th Cir. 1999).

[4] The pages of Plaintiffs' Second Amended Complaint are not numbered and the allegations are not numbered sequentially. For example, after paragraph twenty-one Plaintiffs number the next paragraph ten; the first paragraphs in Counts II-VI are each numbered paragraph seventeen; and the last paragraph of Count VI is numbered paragraph twenty while the first paragraph of Count VII is numbered paragraph thirty-seven. As such, upon referencing Plaintiffs' Second Amended Complaint the court will not reference page or paragraph numbers.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

324 (1981). See also Hargins v. Eldridge, 505 F.2d 802, 803 (8th Cir. 1974) ("The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law for purposes of a § 1983 violation.") (citing Glasspoole v. Albertson, 491 F.2d 1090, 1091-1092 (8th Cir. 1974); Barnes v. Dorsey, 480 F.2d 1057, 1060-1061 (8th Cir. 1973)). As further stated by this court, "there is *no constitutional right to representation of counsel* in a civil matter." Doc. 19 at 4(emphasis added). See also Garza v. Carlson, 877 F.2d 14, 17 (8th Cir. 1989)). Likewise, it is well established that there is *no constitutional right to effective* representation of counsel in a civil matter. Lewis v. Lane, 816 F.2d 1165, 1169 n.6 (7th Cir. 1987) (citing Allen v. Barnes Hosp., 721 F.2d 643, 644 (8th Cir.1983); Watson v. Moss, 619 F.2d 775, 776 (8th Cir.1980) (other citations omitted).

In their Second Amended Complaint Plaintiffs generally plead that Rebecca Teitelbaum was acting under state law. The facts which Plaintiffs plead in support of this general allegation, however, fail to support and are inconsistent with the allegation that Rebecca Teitelbaum was acting under color of state law. As such, the court finds that Plaintiffs have failed to state a cause of action for a violation of § 1983 in regard to Defendant Rebecca Teitelbaum. See American Mfg., 526 U.S. at 50; Polk County, 454 U.S. at 324; Hargins, 505 F.2d at 803. The court finds, therefore, that Count VI, as it pertains to Rebecca Teitelbaum, should be dismissed.[5]

**B.	Violations of RICO:**

Counts VII and VIII of Plaintiffs Second Amended Complaint alleged violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"). Previously, as stated above, Rebecca

---

[5] The court notes that the issue of whether the allegations against other named Defendants should be dismissed for failure to state a cause of action is not before the court.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Teitelbaum filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a cause of action.  In regard to Counts VII and VIII of the Amended Complaint the court granted the Motion to Dismiss without prejudice and granted Plaintiffs leave to file a Second Amended Complaint. Upon dismissing Plaintiffs' allegations that Rebecca Teitelbaum violated RICO the court concluded that Plaintiffs failed to state upon which sections of the RICO statute they were basing their RICO claims and that Plaintiffs' claims pursuant to RICO were not in compliance with Rule 9(b) of the Federal Rules of Civil Procedure. Doc. 19 at 5.  The court further noted that where a plaintiff alleges violations of RICO, the "claims must be pled with specificity" and "the role of each defendant specified." Doc. 19 at 4-5 (citations omitted).

In Count VII of the Second Amended Complaint Plaintiffs allege that the named Defendants engaged in a conspiracy to violate RICO by agreeing to engage in fraudulent and illegal billing and embezzlement practices and to carry out these practices through the United States Mail and through "the wires of the CM/ECF system of the United States District Court filing system." Doc. 20.  In particular, Defendants allege in Count VII that Defendants carried out the commission of two or more acts of mail and wire fraud by making representations regarding "Plaintiffs' respective cases, acts and omissions for the purposes of having Plaintiffs' cases dismissed, and the amount of money owed to Defendants by Plaintiffs, all of which for the purposes of depriving the Plaintiffs of their property." [sic]  In Count VIII Plaintiffs allege that the named Defendants violated RICO jointly and severally by the same conduct alleged in Count VII.  In the Second Amended Complaint Plaintiffs fail to specify what specific provisions of RICO Defendants allegedly violated just as they failed to do so in the Amended Complaint.

Plaintiffs contend that the <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(1994), stands for the proposition that plaintiffs alleging a violation of RICO need not plead facts to support their claim. Plaintiffs misrepresent the context of the Court's holding in Scheidler regarding pleading requirements as the Court was addressing the requirements to establish *standing* when holding that "general factual allegations of injury resulting from the defendant's conduct may suffice." 510 U.S. at 256. The Court was not addressing the requirements for pleading a cause of action pursuant to RICO. Moreover, the Court in Scheidler recognized that § 1962(c) of RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Id. The Court further noted that "enterprise" as used in §§ 1962(a) and (b) of RICO, is "arguably more tied in with economic motivation" although such economic motivation is not required in § 1962(c).[6]

In any case, critical elements of a RICO claim are the existence of an "enterprise" and a "pattern of racketeering." Asa-Brandt, Inc. v. ADM Investor Servs.Inc., 344 F.3d 738, 752 (8th Cir. 2003). As further explained by the Supreme Court in United States v. Turkette, 452 U.S. 576, 583 (1981):

In order to secure a conviction under RICO, [a plaintiff] must prove both the

---

[6] Section 1962(a) requires that a plaintiff allege an injury which resulted "by reason of" the defendant's investment of racketeering income in an enterprise. Section 1962(b) requires that a plaintiff allege that the defendant through a pattern of racketeering activity or through collection of an unlawful debt acquired or maintained, directly or indirectly, an interest in or control of any enterprise which is engaged in or affects interstate commerce. Section 1962(c) provides that it is unlawful for any person employed by or associated with any enterprise to "conduct or participate, directly, in the conduct of such enterprises' affairs through a pattern of racketeering activity or collection of unlawful debt."

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

existence of an "enterprise" and the connected "pattern of racketeering activity." The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct. The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute. 18 U.S.C. § 1961(1) (1976 ed., Supp. III). The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participants in the enterprise. While the proof used to establish these separate elements may in particular cases coalesce, proof of one does not necessarily establish the other. The "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element which must be proved [by a plaintiff].

"Mere participation in the predicate offenses listed in RICO, even in conjunction with a RICO enterprise, may be insufficient to support a RICO cause of action. A defendant's participation must be in the conduct of the affairs of a RICO enterprise, which ordinarily will require some participation in the operation or management of the enterprise itself." Bennett v. Berg, 710 F.2d 1361, 1364 (8th Cir. 1983). Additionally, "'[a] RICO conspiracy charge [must allege] agreement to participate in conducting the affairs of an enterprise through the commission of ... predicate acts.'" Id. at 1365 (quoting United States v. Lemm, 680 F.2d 1193, 1203 (8th Cir.1982)). Counts VII and VIII of the Second Amended Complaint allege nothing to suggest either the structure nor personnel requirements of an enterprise. In fact Counts VII and VIII fail to allege either an enterprise or the existence of an enterprise distinct from a pattern of racketeering. See Turkette, 452 U.S. at 583; Bennett, 710 F.2d at 1364. As such, the court finds that Plaintiffs have failed to plead facts sufficient to support a cause of action for a violation of RICO or for a conspiracy to violate RICO. The court finds, therefore, that Counts VII and VIII should be dismissed in regard to Rebecca Teitelbaum.

Plaintiffs generally allege in the Second Amended Complaint that this court has jurisdiction

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

pursuant to 42 U.S.C. § 1982. In regard to Plaintiffs' Amended Complaint, the court dismissed Plaintiffs' allegation that Defendants violated § 1982. The manner in which Plaintiffs plead a violation of 42 U.S.C. § 1982 in their Second Amended Petition does not differ from the manner in which they made this allegation in their Amended Complaint. The court, therefore, need not reiterate its reasons for finding that Plaintiffs failed to state a cause of action under § 1982. As such, the court finds that to the extent Plaintiffs allege that Rebecca Teitelbaum violated § 1982, Plaintiffs' Second Amended Complaint is dismissed.

Plaintiffs also generally allege in the Second Amended Complaint that this court has jurisdiction pursuant to 15 U.S.C. § 1367. The court previously agreed with Defendants that Plaintiffs' reference to 15 U.S.C. § 1367 in the Amended Complaint was a typographical error and that the correct citation is 28 U.S.C. § 1367, which is the statute that addresses supplemental jurisdiction. Doc. 19 at 5. In the Second Amended Complaint Plaintiffs again reference 15 U.S.C. § 1367. As further previously stated by this court 28 U.S.C. § 1367 provides that a court *may* decline to exercise supplemental jurisdiction over remaining state law claims when it dismisses claims made pursuant to federal law. Franklin v. Zain, 152 F.3d 783, 785 (8th Cir. 1988).

Because the records before this court do not indicate that, to date, Plaintiffs have served named Defendants other than Rebecca Teitelbaum with the Second Amended Complaint and because federal claims against other named Defendants remain pending, the court will not *at this time* decline to exercise supplemental jurisdiction over Counts I-V of Plaintiffs Second Amended Complaint in regard to Rebecca Teitelbaum. Additionally, the court will not determine at this time whether these

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

counts sufficiently plead causes of action against Rebecca Teitelbaum pursuant to State law.[7]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Counts VI-VIII of Plaintiffs' Second Amended Complaint filed by Defendant Rebecca Teitelbaum is **GRANTED**; [21]

**IT IS FURTHER ORDERED** that the Motion to Dismiss Counts I-V of Plaintiffs' Second Amended Complaint filed by Defendant Rebecca Teitelbaum is **DENIED,** without prejudice**.** [21]

**IT IS FURTHER ORDERED** that Counts VI, VII, and VIII of Plaintiffs' Second Amended Complaint are **DISMISSED** as to Rebecca Teitelbaum, with prejudice. [20]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of July, 2005.

---

[7] The court notes that it may, sua sponte, decline to exercise its supplemental jurisdiction over State law claims in the event that Plaintiffs fail to timely serve the named Defendants. Franklin v. Zain, 152 F.3d 783, 785 (8th Cir. 1988).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com